HARRIET B. RICE, APPELLANT, v. NORWICH UNION FIRE INSURANCE SOCIETY, LTD., A BODY CORPORATE, RESPONDENT.

Submitted February 13, 1942—Decided April 23, 1942.

For the appellant, *Parsons, LaBrecque & Borden* (*Theodore D. Parsons*).

For the respondent, *Arthur T. Vanderbilt* and *Marshall Crowley*.

The opinion of the court was delivered by

BODINE, J. Suit was brought upon a policy of fire insurance. The policy covers nineteen pages in the state of the case and we are concerned with very little of it. The policy is of the standard form. *N. J. S. A.* 17:36-3.

The plaintiff, a widow, acquired the property in question in 1924, upon the death of her husband. It consisted of a large house and a small cottage. She sold the property in 1932 to Rabinowitz and Waxler, who converted the large house into a hotel making extensive alterations so there were sleeping accommodations for about sixty guests. The dining room was large enough to seat many more and picnic parties were brought in great numbers in buses, purchasing meals in the dining room. The undertaking was a failure, and the property was abandoned by the owners in the spring of 1933. They took everything of value which could be removed, such as the furniture, household goods, plumbing and lighting fixtures and the kitchen range. The plaintiff, having taken back a purchase-money mortgage at the time of sale, put a caretaker in charge of the premises, he occupying the cottage and supervising the hotel property. However, a still was found in the hotel by a raiding party in 1937 or 1938, and the caretaker disappeared. A new one was found, who stayed in the cottage until about two weeks before the fire when he left. Thereafter the cottage, as well as the hotel were vacant.

It is perfectly clear that the plaintiff was, from the time the premises were abandoned, in possession thereof in a legal sense, since she exercised control thereof. She was a mortgagee in possession. *Hands* v. *Russell,* 115 *N. J. Eq.* 55. A rider provided that the policy was not voided by a vacancy at inception date; another provided for vacancy not exceeding six consecutive months in any one year. But the hotel was vacant since the owners stripped it nearly six years before

the fire, and the nonsuit was granted on the theory that the vacancy of the hotel property for more than six months in the calendar year voided the policy. The policy described the insured buildings, pursuant to *N. J. S. A.* 17:36-3(b), and their character and use as follows: "On the following described property situate on property known as South side of Leonardville Road, (Valley Drive) Middletown Township, New Jersey, while occupied exclusively for dwelling purposes by not more than two families. A. $8,500 On * * * building and wings occupied as a dwelling, known as Building No. 98 and .99, * * * C. $1,500. On the building and all additions and extensions and fences thereto (same form as item A), occupied as Dwelling, known as Building No. 96." It was conceded that the $8,500 insurance was on the premises referred to as the hotel and the $1,500 was upon the cottage.

The policy also provided: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." A rider provided, however, "It is understood and agreed that this policy shall not be invalidated * * * by vacancy or unoccupancy at inception date. Privilege * * * to be unoccupied; or to be vacant for not exceeding six consecutive months in any one year. * * *. This policy shall not be affected by failure of the assured to comply with any of the warranties endorsed hereon in any portion of the building or premises over which the assured has no control."

Construing the policy and the rider together, it is apparent that the hotel. was improperly described that it was vacant for more than six consecutive months and that the policy for either reason became void under its express provisions. *Buckman* v. *Home Insurance Co.,* 117 *N. J. L.* 138; *Rivella* v. *Bankers and Shippers Insurance Company of New York, Id.* 220. The policy was not divisible. *Hartshorne* v. *Agricultural Insurance Co.,* 50 *Id.* 427; *Martin* v. *Insurance Company of North America,* 57 *Id.* 623. See, also, cases voiding insurance on chattels where contrary to condition

some were subject to chattel mortgage. *Heliotos* v. *Great American Insurance Co.,* 103 *Id.* 529. Insurance companies may choose their risks and courts do not rewrite policies of insurance, so it behooves those who seek insurance to make sure that they secure the coverage needed.

The mere presence in the hotel of a few stray articles, possibly useless, did not make it less vacant than if they had been taken. Manifestly, that which is of little value is seldom taken since transportation involves expense.

The words "vacancy" or "unoccupancy" were both used in the rider. However, we need not determine the difference since both words were used. A dwelling closed for the summer or winter may be unoccupied, but if not stripped of its contents it is not vacant. But in the instant case, the proofs show the occurrence of both conditions. The distinction is discussed at length in *Herrman* v. *Adriatic Fire Insurance Co.,* 85 *N. Y.* 162.

The rider contained the following clause: "This policy shall not be affected by failure of the assured to comply with any of the warranties endorsed hereon in any portion of the building or premises over which the assured has no control." But the proofs show that the insured did exercise control. That she did not use the property or pay the taxes made her no less in control until deprived thereof by foreclosure. Control does not depend on ownership.

Finally, the policy in describing the buildings as dwelling houses for occupancy by not more than two families was fatally defective as a means of insuring a hotel. *Procacci* v. *U. S. Fire Insurance Co.,* 118 *N. J. L.* 423.

We have examined with great care the arguments of counsel and the voluminous citations of authority. We think no more need be said.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.